IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV123-02-V
(5:04CR28-04-V)

| | |
|---|---|
| JAMIE GREENE,  )  <br>   Petitioner,  )  <br>  )  <br>       v.    )  <br>  )  <br> UNITED STATES OF AMERICA,  )  <br>   Respondent.  )  <br> _____ )  | **O R D E R** |

**THIS MATTER** is before this Court upon an initial review of the petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed September 14, 2006. For the reasons stated herein, the petitioner's Motion to Vacate will be summarily denied and dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on December 14, 2004, a Third Superceding Bill of Indictment was filed, charging the petitioner with, inter alia, conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One). After initially pleading "not guilty" to all of the charges in the four Indictments, on February 28, 2005, the petitioner entered into a written Plea Agreement with the government.

By the terms of that Agreement, the petitioner promised to

plead guilty to the conspiracy charge set forth in Count One of the Third Superceding Indictment. In exchange for that promise, the government agreed to seek, at the conclusion of the case, a dismissal of all of the other charges which were pending against the petitioner. In addition to those promises, the parties' Agreement set forth the petitioner's stipulation that she could be held accountable for having been involved with more than 500 grams but less than 1.5 kilograms of methamphetamine. The Plea Agreement also reported that the statutory penalty for the petitioner's offense was 10 years up to life imprisonment.

With regard to the petitioner's post-conviction rights, the Plea Agreement reported that she and her attorney had discussed her rights to a direct appeal and to collateral review, and had determined whether there were any potentially meritorious issues which might be relevant to an appeal or collateral motion. In light of those discussions, the petitioner agreed to waive the vast majority of her direct appeal and collateral review rights.

However, the parties's Agreement preserved the petitioner's right to challenge her conviction and/or sentence on the grounds of ineffective assistance of counsel and prosecutorial misconduct. The parties' Agreement further preserved the petitioner's right to challenge her sentence on the limited ground that "one or more findings on guideline issues were inconsistent with the explicit stipulations contained. . .in the plea agreement . . . , or on the basis of an unanticipated issue that arises during the

sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals."

After having her Plea Agreement filed, the petitioner then proceeded to a courtroom where the Court conducted a Plea & Rule 11 proceeding in this matter. On that occasion, the Court engaged the petitioner in its standard, lengthy colloquy to ensure that her guilty plea was being intelligently and voluntarily tendered. After placing the petitioner under oath and hearing her answers to all of its questions, the Court determined that the petitioner's plea was knowingly and freely made. Therefore, the Court accepted the petitioner's guilty plea.

Next, on July 11, 2005, the government filed a "Motion For Downward Departure Under Seal," seeking a reduced sentence on the basis of the petitioner's substantial assistance to the government. By that Motion, the government noted that the petitioner had provided substantial assistance, which had led to charges being filed against an additional party. The Motion also noted that the U.S. Probation Office had calculated the petitioner's recommended Sentencing Guidelines range at 262 to 327 months imprisonment (resulting from Offense Level of 38 and a Criminal History Category of II). However, in light of the petitioner's assistance, the Motion asked the Court to depart down from Level 38 to Level 33 (yielding a recommended range of 151 to 188 months imprisonment), and to impose a 151-month sentence. Subsequently,

the government revised its departure recommendation and asked the Court to depart only to a term of 196 months because of the petitioner's failure to appear for her originally scheduled Sentencing Hearing.

In any event, on September 12, 2005, the Court held its Factual Basis & Sentencing Hearing in this matter. At the outset of that proceeding, the petitioner again advised the Court that she was satisfied with the services of her attorney. Next, the Court granted the government's Motion for a Downward Departure. However, after hearing from counsel for the petitioner, the Court departed well below the government's recommendation, down to Level 32. Then, critical to the instant Motion, the Court advised that, in consideration of the Sentencing Reform Act of 1984 and 18 U.S.C. §3553(a), it had determined that the petitioner should serve no more than 140 months imprisonment.

The petitioner did <u>not</u> directly appeal her conviction or sentence. Rather, on September 14, 2006, the petitioner filed the instant Motion to Vacate. By this Motion, the petitioner sets forth two claims for relief. First, the petitioner argues that counsel was ineffective for having failed to "communicate with [her] as to the proceedings of [her] case, for having failed to explain the contents of the Plea Agreement to her, and for having failed to object to "the mandatory sentencing." Second, the petitioner argues that her sentence was calculated under the U.S. Sentencing Guidelines, in violation of the <u>Booker</u> decision.

Notwithstanding her beliefs to the contrary, however, the Court has determined that both of the petitioner's claims must be summarily rejected.

## II. ANALYSIS

### 1. This Court is authorized to promptly review and dismiss any §2255 motion which does not contain a claim that entitles the petitioner to relief.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the petitioner is not entitled to any relief on her claims.

### 2. The petitioner's Booker claim is not cognizable in this collateral proceding.

Taking the claims out of turn, the Court will first address the petitioner's allegation that her sentence was imposed in violation of the U.S. Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). More particularly, here, the

petitioner argues that the U.S. Supreme Court has ruled that "the United States Sentencing Guidelines are unconstitutional and were only advisory. Thus, the 'mandatory' sentence which [she] received is unconstitutional . . . " and should not have been imposed.

Even if the foregoing challenge to the petitioner's sentence had not been waived under the terms of her Plea Agreement, see United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir.), cert. denied, 126 S.Ct. 461 (2005), or barred by her procedural default of the claim, see United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000), this allegation still could not be addressed in this proceeding.

That is, the Fourth Circuit already has stated that the new rule announced in the Booker case may not be retroactively applied in collateral proceedings such as this. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, the petitioner cannot possibly obtain any relief on her claim that her sentence violates the Booker decision.

### 3. **The petitioner's allegations against counsel also must fail**.

By her other claim, the petitioner alleges that counsel was ineffective in three distinct ways. However, under even minimal scrutiny, it is clear to the Court that those allegations do not entitle the petitioner to any relief.

Indeed, with respect to claims of ineffective assistance of

counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamen-

7

tally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Most importantly, a petitioner who alleges ineffective assistance following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In the instant matter, the petitioner claims that her attorney failed to "communicate with [her] as to the proceedings of [her] case," but she does not specifically identify any information which counsel should have communicated about with her. In addition to that critical omission, the record contains sworn statements from the petitioner which directly contradict this claim.

That is, as reflected on the Court's "Entry And Acceptance

8

Of Guilty Plea (Rule 11 Proceeding)" form, during the petitioner's Plea hearing she swore to the Court that she and counsel had fully discussed her case, including the charges she was facing and possible defenses to them, the charges' corresponding penalties, how the Sentencing Guidelines might impact her case, and potential appellate issues. Thus, in light of those representations, as well as the conclusory nature of this claim, the petitioner cannot establish either a deficiency or prejudice on this record.

Next, the petitioner asserts that her attorney failed to explain the contents of her Plea Agreement to her. However, this belated complaint also is contradicted by certain of the petitioner's sworn representations which are set forth in the record. To be sure, the record reflects that after the salient terms of the parties' Agreement were summarized for the record, the petitioner swore to the Court that she understood and agreed with those terms; that no one had threatened, intimidated, or forced her to enter her guilty plea; that she was satisfied with counsel's services; and that she did not wish to make any additional comments concerning counsel or her performance.

Significantly, the petitioner did not even attempt to contradict her attorney when counsel certified to the Court that she, in fact, had reviewed the terms of the Plea Agreement with the petitioner, and was satisfied that the petitioner understood each of those terms. Moreover, the petitioner reiterated her

satisfaction with counsel during her Sentencing Hearing, and she did not mention any alleged deficiencies regarding the Plea Agreement during that final proceeding. Accordingly, the Court finds that the petitioner's after-the-fact assertion that counsel failed to explain the terms of her Plea Agreement is foreclosed by the record.

As for the petitioner's final assertion that counsel was deficient for failing to object to the "mandatory sentencing," the same must be rejected for one simple reason. Indeed, the petitioner is correct that the U.S. Supreme Court has determined that the mandatory provisions of the Sentencing Guidelines are unconstitutional to the extent that they allow sentencing courts to find facts relevant to sentencing, when such facts were not pled in the indictment and found by a jury. See Booker, 543 U.S. at 244. However, that is not the end of the inquiry here.

Rather, Booker also explained that the remaining provisions of the Sentencing Reform Act, which were not disturbed by that decision, still require sentencing courts "to consider the Guide-lines sentencing range established for the applicable category of offense committed by the applicable category of defendant. . . ." United States v. White, 405 F.3d 208, 216 n.4 (4th Cir. 2005); see also United States v. Gilchrist, 137 Fed.Appx. 520, 523 (4th Cir. 2005) (noting the "continued vitality of the Guidelines" and the "implication that district courts . . . still must consult the Guidelines and take them into account when sentencing.").

In the instant case, the Court advised that it had considered the Guidelines, as well as the other pertinent factors, "particularly the factors of rehabilitation and deterrence. . .," and then it announced the petitioner's vastly reduced sentence. Therefore, the Court's conduct fully comports with the requirements of the law, and the petitioner cannot demonstrate any deficiency in this regard.

Finally, it has not escaped the Court's attention that the 140-month sentence which the petitioner received was lower than the 188 to 235-month term which ultimately was recommended by the government. Nor has it escaped the Court's attention that nowhere in the petitioner's Motion does she state or even hint that but for counsel's alleged errors, she would have insisted upon pleading not guilty and proceeding to trial. Therefore, in view of all of the foregoing reasoning, the petitioner cannot possibly prevail on her claims against counsel.

## IV. <u>CONCLUSION</u>

The Court's initial review of the petitioner's Motion to Vacate and the relevant record evidence conclusively shows that the petitioner is not entitled to a review of one of her two claims, and that she is not entitled to any relief on the other one. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

11

## V. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DENIED and DISMISSED**.

**SO ORDERED.**

Signed: November 17, 2006

Richard L. Voorhees
United States District Judge